980 F.2d 737
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
KEY PACIFIC MORTGAGE, Appellant,
v.
Lester D. HELFRICH, and Janet E. Helfrich, Appellees.
 No. 91-35963.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 20, 1992.
Submission Deferred Sept. 1, 1992.
Resubmitted Dec. 8, 1992.
Decided Dec. 9, 1992.
 
 Before HUG, D.W. NELSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 On February 4, 1985, Lester and Janet Helfrich purchased their home with the aid of a mortgage loan that was secured by a deed of trust against the residence. The note and deed of trust were subsequently assigned to the Alaska Housing Finance Corporation and Key Pacific Mortgage Corporation (Key Pacific). The Helfrichs filed their Chapter 13 petition on October 5, 1990. Because of a downturn in the Alaskan economy at the time the petition was filed, the fair market value of the residence had fallen to $61,000, well below the $110,000 outstanding on the mortgage.
 
 
 3
 Over Key Pacific's objection, the bankruptcy court confirmed the debtor's Chapter 13 plan on January 18, 1991. The court valued the residence at the fair market value of $61,000. The remainder of the debt was characterized as unsecured debt, modifiable under 11 U.S.C. § 1322(b)(2). Key Pacific objected in part because of the bifurcation of the claim into secured and unsecured portions. Key Pacific concedes that our decision in Hougland v. Lomas & Nettleton Co. (In re Hougland), 886 F.2d 1182 (9th Cir.1989), which permitted modification of unsecured portions of such debt, controls. It argues, however, that we should reverse our earlier ruling. Key Pacific also argues that even if we affirm Hougland, the secured claim was undervalued because a guaranty from the Department of Veterans Affairs was not taken into account. We find neither of Key Pacific's contentions have merit and now affirm.
 
 
 4
 * We recently reaffirmed our Hougland decision in Lomas Mortgage USA v. Wiese, Nos. 91-36082 and 91-36173, slip op. 14069 (9th Cir. Dec. 4, 1992). In Hougland, this court held that section 1322(b)(2) of the Bankruptcy Code permitted a Chapter 13 debtor to modify a residential mortgagee's rights in the unsecured portion of its claim, as defined by section 506(a). Hougland, 886 F.2d at 1183-84. As we stated in Wiese, Hougland was correctly decided and we found no reason to upset its holding. Wiese, slip op. at 14076. Therefore, Key Pacific's claims are without merit.
 
 
 5
 Although Key Pacific spends a great deal of energy discussing the legislative history behind section 1322(b)(2), we need not delve into that here because the statute can be interpreted on its face. Id. at 14077. We also reject Key Pacific's contention that lenders will be subject to unfair treatment and will face "absurd results" if Hougland is to stand. Id.
 
 II
 
 6
 Key Pacific argues further that if modification is to be permitted, then its secured claim must be valued according to what it could receive on its mortgage guaranty provided through the Department of Veteran Affairs pursuant to 38 U.S.C. §§ 1801-28. Key Pacific contends that the value of the creditor's secured claim in bankruptcy is what the creditor could sell its interest in the collateral for outside of bankruptcy. Key Pacific's claim is based upon a mortgage guaranty which provides that if default causes foreclosure and a third party does not purchase the property, the property may be conveyed to the insurer by the lender after foreclosure in return for payment of the principal balance and some expenses. Consequently, it asserts that the value of the collateral to Key Pacific is not the market value of the property but that value plus what Key Pacific could receive under its mortgage guaranty. We disagree.
 
 
 7
 In Wiese we held that mortgage insurance should not be calculated into the value of the secured claim, reasoning that mortgage insurance should not be included in the valuation based in part on the last sentence in section 506(a). Id. at 14079. We reach the same conclusion here because the reasoning we used in Wiese applies equally in this case. Therefore, the district court did not err in refusing to include the mortgage guaranty in valuing the secured claim.
 
 III
 
 8
 Key Pacific also contends that lien avoidance violates the Takings Clause of the Fifth Amendment. However, as we stated in Wiese, because Key Pacific failed to raise this issue both in the bankruptcy court and in the district court, it has waived that issue. Id. at 14082-83.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3